UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | | |
|---|---|---|
| NOBLE L. BENNETT, | ) | NO. CV 16-07353-GW (AS) |
| Petitioner, | ) | |
| v. | ) | ORDER ACCEPTING FINDINGS, |
| Warden SHINN, | ) | CONCLUSIONS AND RECOMMENDATIONS OF |
| Respondent. | ) | UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein, the attached Report and Recommendation of United States Magistrate Judge, and the Petitioner's Objections to the latter. After having made a *de novo* determination of the portions of the Report and Recommendation to which objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. However, the Court addresses certain arguments raised in the objections below.

Petitioner contends that he is entitled to habeas relief pursuant to the savings clause in 28 U.S.C. § 2241 because he is actually innocent of some of the predicate acts that the sentencing court found and relied on in imposing a life sentence for his conviction of conducting a racketeering enterprise in violation of 18 U.S.C. § 1960(c). In his objections, Petitioner relies on Summers v. Feather, 119 F.Supp.3d 1284 (D.Ore. 2015) which held that a petitioner had established the "actual innocence" prong of § 2241 by demonstrating that one of the convictions used to sentence him as an armed career criminal under 18 U.S.C. § 924(e) was no longer considered a qualifying crime. Id. at 1288-89. In reaching its decision, the Summers court accepted the Seventh Circuit's view that "actual innocence" is not limited to the underlying conviction and can be established by attacks on previous convictions used to establish armed career criminal status, citing Brown v. Caraway, 719 F.3d 583, 591 (7th Cir. 2013)(granting relief under § 2241 to petitioner whose prior conviction for arson in the third degree did not qualify as a crime under the career offender guideline; recognizing that its holding was a departure from the views of the Fifth and Eleventh circuits). See e.g. Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000)(rejecting petitioner's actual innocence claim relating to career offender status as "not the type of argument that courts have recognized may warrant review under § 2241.").

Although the Ninth Circuit has not addressed this issue, courts extending the concept of actual innocence to cover prior convictions have done so in the narrow context of career criminal statutes similar to the one at issue in Summers. See United States v. Maybeck, 23 F.3d 888, 893 (4th Cir. 1994)(finding petitioner actually innocent of being

a career offender where the third degree burglary conviction used as a qualifying offense was not a crime of violence).

Here, Petitioner, unlike Summers, does not contend that he is innocent of being a career offender but rather, that he is actually innocent of some of the predicate acts which the court found were committed in the course of the conspiracy he was convicted of. This Court declines to extend the actual innocence exception under § 2241 to cover claims challenging facts relied upon by the court at sentencing. See United States v. Mikalajunas, 186 F.3d 490 (4th Cir. 1999) (declining to extend actual innocence exception to procedurally defaulted claims of sentencing error in § 2255 motion). Allowing a petitioner to challenge sentencing findings under the actual innocence exception would swallow the rule. Id. at 495.

Petitioner's remaining objections to the Report and Recommendation are a reiteration of the arguments made in the Petition and have been addressed in the Report and Recommendation. Accordingly, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

**IT IS ORDERED** that Judgment be entered denying and dismissing the Petition without prejudice.

//
//
//

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on counsel for Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 17, 2018.

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE